887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene GOAD, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 89-3495.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1989.
 
 Before BOYLE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Goad moves for counsel, for bail, for an injunction, and to expedite this appeal from the district court's order denying Goad's petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254 (1982). This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea bargain, Goad pleaded guilty to one count of felonious assault with a gun specification. He received a twelve to fifteen year sentence, with three years actual incarceration on the gun specification. He exhausted his state remedies.
 
 
 3
 In his petition, Goad challenged on four grounds the state trial court's failure to grant Goad's presentence motion to withdraw his guilty plea. First, he argued that a timely presentence motion to withdraw a guilty plea should normally be granted. Second, he argued that he possessed a good defense to the charge. Third, he argued that his plea was not intelligent and voluntary. Fourth, he argued that his expectations concerning sentencing were unfulfilled. The district court denied the petition on the merits.
 
 
 4
 Goad's first two issues raise claims that are matters of state law which do not rise to the level of a due process violation. Matlock v. Rose, 731 F.2d 1236, 1242 (6th Cir.1984), cert. denied, 470 U.S. 1050 (1985). Concerning the third issue, the state court record clearly shows that the guilty plea was intelligent and voluntary. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). Finally, subjective expectations of a particular sentence do not provide the basis for habeas corpus relief. Nichols v. Perini, 818 F.2d 554, 558 (6th Cir.1987).
 
 
 5
 The motions for counsel, for bail, for an injunction, and to expedite the appeal are denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.